MEMORANDUM OPINION


No. 04-05-00441-CR

Hugo Cesar MARTINEZ,
Appellant

v.

The STATE of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 04-1133-CR
Honorable Dwight E. Peschel, Judge Presiding

PER CURIAM
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   December 7, 2005

DISMISSED
            Pursuant to a plea bargain agreement, Hugo Cesar Martinez pleaded guilty to three counts
of aggravated sexual assault of a child. The trial court imposed sentence on May 23, 2005, and
signed a certificate stating that this “is a plea-bargain case and the defendant has NO right to appeal.”
See Tex. R. App. P. 25.2(a)(2). After Martinez timely filed a notice of appeal, the clerk sent copies
of the certification and notice of appeal to this court. See Tex. R. App. P. 25.2(e). The clerk’s record,
which includes the trial court’s Rule 25.2(a)(2) certification, has been filed. See Tex. R. App. P.
25.2(d). 
            The clerk’s record, which contains a written plea bargain agreement, establishes the
punishment assessed by the court does not exceed the punishment recommended by the prosecutor
and agreed to by the defendant. Ordinarily, “[i]n a plea bargain case ... a defendant may appeal only:
(A) those matters that were raised by written motion filed and ruled on before trial, or (B) after
getting the trial court’s permission to appeal.” Tex. R. App. P. 25.2(a)(2). However, as part of his
plea bargain, Martinez signed a waiver of this limited right of appeal. He therefore may not appeal
without the consent of the trial court. See Monreal v. State, 99 S.W.3d 615 (Tex. Crim. App. 2003).
The clerk’s record does not indicate the trial court gave Martinez permission to appeal.


 The trial
court’s certification therefore appears to accurately reflect that this is a plea bargain case and
Martinez does not have a right to appeal. This court must dismiss an appeal “if a certification that
shows the defendant has the right of appeal has not been made part of the record.” Tex. R. App. P.
25.2(d). 
            On October 18, 2005, we gave Martinez notice that the appeal would be dismissed unless
written consent to appeal and an amended certification showing he has the right to appeal were
signed by the trial judge and made part of the appellate record by November 17, 2005. See Tex. R.
App. P. 25.2(d); 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), disp.
on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. filed) (not designated for 
 
 
publication). Neither written permission to appeal nor an amended certification showing Martinez
has the right to appeal has been filed. We therefore dismiss this appeal. Tex. R. App. P. 25.2(d).
 
                                                                                    PER CURIAM
Do not publish